UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Saied Mousa Ramadan, # 39093-083, | ) C/A No. 5:13-2701-TLW-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FBOP; | ) REPORT AND RECOMMENDATION |
| FBOP Director Samuels; | ) |
| Mid-Atlantic Regional Director Eichenlaub; | ) |
| FCI McDowell Warden Karen F. Hogsten; | ) |
| Former FCI McDowell Assoc Warden Ratelidge; | ) |
| Former FCI McDowell Assoc Warden Baxter; | ) |
| Former FCI McDowell Capt Stiller; | ) |
| FCI McDowell Chaplain Nash, and | ) |
| Former FCI McDowell Chaplain Connors, all in their | ) |
| Official and Individual Capacities, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This *Bivens* action was filed pro se in this court by a federal prisoner ("Plaintiff") currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina. Before his transfer into Edgefield, Plaintiff was serving his prison sentence at FCI-McDowell, which is located in the Southern District in West Virginia. *See* Federal Bureau of Prisons ("BOP") website, http://www.bop.gov/locations/institutions/mcd/index.jsp. Based on the suffix of his federal prisoner register number, it appears that his conviction(s) and sentence(s) were entered by the United States District Court for the Eastern District of Virginia.

In the Complaint under initial review, Plaintiff alleges that his religious rights as a practicing Muslim were violated by the policies at FCI-McDowell regarding the places where Muslims could perform their daily prayer obligations. He seeks injunctive and declaratory relief, and compensatory/nominal damages and attorneys' fees. Plaintiff states in passing that he is

experiencing similar problems at FCI-Edgefield, Compl. 6, ECF No. 1, but the vast majority of his Complaint allegations arise from conditions at FCI-McDowell. None of the Defendants is a South Carolina resident. Most of the Defendants are employees/officials at FCI-McDowell in West Virginia; the remaining Defendants are officials of the BOP residing in Maryland, Virginia, or the District of Columbia. Plaintiff sues all Defendants in both their official and individual capacities. It appears that all of Plaintiff's exhaustion of administrative remedies efforts occurred in either West Virginia or in the Atlantic Regional Office of the BOP in Maryland. Other than Plaintiff's brief reference to allegedly ongoing and similar problems at FCI-Edgefield, nothing in the Complaint connects Plaintiff's causes of action or Defendants' activities and/or involvement in the prison prayer policies with the state of South Carolina or this federal judicial district.

## Discussion

A bedrock requirement in any civil action is that the district court in which a Complaint is brought shall have personal jurisdiction over the defendants. Rule 4(e) Federal Rules of Civil Procedure ("Service upon Individuals within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under the applicable South Carolina long arm statute, S.C. Code Ann. § 36-2-803 ("Personal jurisdiction based upon conduct"), nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g., entering a contract in this state, committing a tort in this state, etc.). None of those types of facts are presented in this case. Section 1631 of Title 28 of the United States Code provides authority for the court to transfer a case to another court when personal jurisdiction cannot be obtained by the transferor court. Also, the following general rule for venue is applicable in this case:

> (b) Venue in general.--A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The District of South Carolina does not satisfy any of these subsections insofar as Plaintiff's Complaint under review is concerned. In absence of venue, the court has authority to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See In re Carefirst of Md., Inc.*, 305 F.3d 253, 255-56 (4th Cir. 2002).

Assuming Plaintiff's allegations about the nature of FCI-McDowell prayer policy to be true, Plaintiff's Complaint fails to reveal any basis for this court to obtain personal jurisdiction over any

Defendant. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012) (noting plaintiff has burden to show personal jurisdiction over defendants). Further, venue is not properly laid in this district. Accordingly, this case is not properly brought in the District of South Carolina and, in the interests of justice, venue should be transferred to the appropriate federal district court that can obtain personal jurisdiction over Defendants and where venue is proper. *See* 28 U.S.C. § 1631 (court lacking jurisdiction may transfer civil action to any court in which action could have been brought); *see also* 28 U.S.C. §§ 1404(a); 1406(a); *Sorcia v. Holder,* 643 F.3d 117, 122 (4th Cir. 2011) (noting when court has jurisdiction but lacks venue, it has inherent authority to transfer to court where both venue and jurisdiction exist); *Trex Co. v. Canton Lumber Co.*, No. CIV.A. 5:01CV00009, 2001 WL 5432227, \*\*4, 7 (W. D. Va. May 16, 2001) (better course is to transfer rather than dismiss for lack of personal jurisdiction).

Courts in this Circuit have commonly considered the following factors in determining whether transfer of venue is appropriate: "(1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." *AFA Enters., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D.W. Va. 1994). Consideration of each of these factors leads the court to decide that transfer, rather than dismissal, is the appropriate result in this case. As stated, Plaintiff, a federal prisoner convicted in Virginia and only recently housed in South Carolina, is suing employees and officials of a West Virginia federal prison and/or the Mid-Atlantic Region and/or National Headquarters of the BOP, all in their individual as well as official capacities, under federal question jurisdiction (28 U.S.C. § 1331; *Bivens*). Plaintiff sues for alleged religious-freedom violations that,

insofar as the major portion of the allegations is concerned, occurred while Plaintiff was still housed in West Virginia. Plaintiff's passing reference to similar, but undisclosed, issues that might have arisen in South Carolina without any South Carolina resident Defendants does not indicate this matter should be considered in the District of South Carolina. Rather, a court in the West Virginia federal district where FCI-McDowell is located will be better equipped than this court to obtain jurisdiction over Defendants, obtain the necessary proof and records located there, compel and pay for witnesses, and (if needed) provide a jury with a "view" of the situation creating the litigation. Furthermore, given the lack of personal contacts of Defendants with this state, there is no basis for this court to exercise diversity jurisdiction over Plaintiff's Complaint.

In short, the undersigned is of the opinion that the Southern District of West Virginia is the proper forum in which to adjudicate the claims raised in this Complaint against Defendants, most of whom are located in the Southern District of West Virginia. *See Poindexter v. D.C. Dept. of Corr.*, 892 F. Supp. 2d 104, 107-08 (D.D.C. 2012) (transferring prisoner action to Eastern District of Virginia, where claims arose and where remaining defendants and crucial witnesses were located; prisoner's location in District of Columbia was the only remaining connection with transferor court). As a result, the interests of justice require this court to transfer this case to the United States District Court for the Southern District of West Virginia. *See Robertson v. Northcutt*, No. 87-1730, 1988 WL 67575, *2 (4th Cir. June 23, 1988) (statute of limitations; preserving filing date is better served by transfer to more appropriate district than by dismissal). It is in the Southern District of West Virginia where the court may exercise personal jurisdiction over the named Defendants, where venue is proper, and where the events giving rise to Plaintiff's claims occurred. Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits,

as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466-67 (1962). No rulings on Plaintiff's financial status or on the merits of this case have been made in connection with this recommendation for transfer as such rulings are more appropriately made by the United States District Court for the Southern District of West Virginia. *See generally* 14D *Fed. Prac. & Proc. Juris.* § 3827 (3d ed. 2013).

### Recommendation

Accordingly, it is recommended that this case be transferred in the interests of justice to the United States District Court for the Southern District of West Virginia for further handling. *See* 28 U.S.C. §§ 1631, 1404(a), 1406(a); see also *Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988); *Glaxo Inc. v. Genpharm Pharm., Inc.*,796 F. Supp. 872, 877 (E.D.N.C. 1992).

IT IS SO RECOMMENDED.

December 31, 2013  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).